UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MOMODOU DODOU NJIE,                        :
                                           :
          Plaintiff,                       :          CIVIL NO. 3:CV-08-1960
                                           :
     v.                                    :          (Judge Caputo)
                                           :
THE COMMONWEALTH OF                        :
PENNSYLVANIA, et al.,                      :
                                           :
          Defendants.                      :

## MEMORANDUM

Plaintiff Momodou Dodou Njie, an inmate confined at the Dauphin County

Prison in Harrisburg, Pennsylvania, initiated this action by filing a *pro se* civil rights

complaint pursuant to 28 U.S.C. § 1983. Njie alleges that he was arrested by

Pennsylvania State Police Troopers in Harrisburg without probable cause, falsely

imprisoned without being informed of his rights to counsel and against self-incrimination,

and maliciously prosecuted. He names the following Defendants: the Commonwealth of

Pennsylvania; Pennsylvania State Troopers Livingston, Ronk, Rudy, and Hunt; Dauphin

County District Attorney Jenni Henley Allen; and Magistrate Judges Jennings and Bridges.

Njie has requested leave to proceed *in forma pauperis*. (Doc. 2.) He also has filed a

Motion to appoint counsel. (Doc. 7.)

Based upon the request to proceed *in forma pauperis*, the Complaint is before the

Court for preliminary screening pursuant to 28 U.S.C. § 1915. Because Njie cannot recover

monetary damages from any of the Defendants, either because they are improper

Defendants, they are immune from such relief, or they do not have any personal involvement in the alleged wrongs, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The allegations in the Complaint may be summarized as follows:

On February 2, 2008, while Njie was driving on a Pennsylvania interstate highway in Harrisburg, he was pulled over by Defendants Livingston and Ronk. (Doc. 1 at 2, § IV, ¶ 1.) After Livingston and Ronk issued Njie a written warning and returned his documentation, they detained him and illegally searched and frisked him. (Id. ¶ 2.) They arrested him without a warrant and without probable cause or reasonable suspicion and transported him to the police station. (Id. ¶ 3.) Defendant Rudy repeatedly threatened and coerced Njie into being interrogated at the police station. (Id. at 4.) Defendant Allen, a Dauphin County Assistant District Attorney, intentionally and visciously denied Njie the right to affordable bail on more than one occasion and maliciously prosecuted him. (Id. at 3.) On September 15, 2008, the Dauphin County Court of Common Pleas "suppressed the evidence after 228 days of false imprisonment." (Id. at 4.) Njie seeks declaratory and injunctive relief as well as $10 million dollars in compensatory damages, $10 million dollars in "presumed damages," and $20 million dollars in punitive damages. (Id. at 5.)

## DISCUSSION

### I.    Defendants the Commonwealth of Pennsylvania, Livingston, Ronk, and Rudy

Njie names The Commonwealth of Pennsylvania as a Defendant.  The Commonwealth

is not a person within the meaning of § 1983, and thus it is not a proper Defendant in this

action.  *See Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v.*

*Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).  Moreover, "the State and arms of the State,

which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit

under § 1983 in either federal court or state court."  *Howlett v. Rose*, 496 U.S. 356, 365

(1990) (citing *Will v. Michigan Dept of State Police*, 491 U.S. 58 (1989)).  Njie makes

allegations against Defendants Livingston, Ronk, and Rudy regarding their role in his

February 2, 2008 arrest.  He does not state in his Complaint that he is suing any of these

Defendants in their individual capacities.  The Eleventh Amendment bar on lawsuits against

states "remains in effect when State officials are sued for damages in their official capacity."

*Kentucky v. Graham*, 473 U.S. 159, 159 (citations omitted).  Therefore, to the extent Njie

seeks monetary damages against Defendants Livingston, Ronk, Rudy, and Hunt in their

official capacities as Pennsylvania State Police Troopers, his claims are barred by the

Eleventh Amendment and should be dismissed.  *See id.* at 169-70.

### II.    Defendant Allen

As to Njie's claims against Assistant District Attorney Allen, prosecutors enjoy absolute

immunity from civil rights suits seeking money damages for actions taken by the prosecutor

that are "intimately associated with the judicial process."  *Imbler v. Pachtman*, 424 U.S. 409,

3

430 (1976). However, prosecutors enjoy only qualified immunity for actions that are not

intimately associated with the judicial process, but rather are investigative or administrative

in nature. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). "Under [qualified

immunity], government officials are not subject to damages liability for the performance of

their discretionary functions when 'their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known.'" *Buckley

v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982)).

 "In determining whether particular actions of government officials fit within a common-

law tradition of absolute immunity, or only the more general standard of qualified immunity,

we have applied a functional approach, which looks to the nature of the function performed,

not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269 (internal quotations

and citations omitted). "The decision to initiate a prosecution is at the core of a prosecutor's

judicial role. A prosecutor is absolutely immune when making this decision, even where he

acts without a good faith belief that any wrongdoing has occurred." *Kulwicki*, 969 F.2d at

1463-64 (citations omitted).

 Although Njie's Complaint does not state what charges were brought against him, Njie

alleges that Defendant Allen maliciously prosecuted him. Even if Allen made a decision to

prosecute Njie without a good faith belief that any wrongdoing had occurred, this decision

was at the core of Allen's prosecutorial function, and thus, she is absolutely immune.

Therefore, the claim for money damages against Allen will be dismissed.

## III. Defendants Hunt, Jennings, and Bridges

4

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). The personal involvement requirement may be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." *Id.* Njie has named Pennsylvania State Police Trooper Hunt and Magistrate Judges Jennings and Bridges as Defendants, but he does not make a single allegation against any of them in his Complaint. Accordingly, these Defendants cannot be held liable.

Moreover, it would be futile to permit Njie to amend his Complaint to state allegations against these Defendants because they also are entitled to immunity. As already discussed, any claims against Trooper Hunt regarding his actions in his official capacity as a Pennsylvania State Trooper are barred by the Eleventh Amendment. *See Kentucky*, 473 U.S. at 165-67. As to Judges Jennings and Bridges, in general, judges are immune from suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is only overcome either when a judge is sued for actions taken in a non-judicial capacity or for actions that are judicial in nature, but taken "in the complete absence of all jurisdiction." *Id.* at 11-12. Njie neither alleges that Judges Jennings and Bridges were acting in their non-judicial capacities nor that they acted without jurisdiction. Therefore, the claims against Defendants Hunt, Jennings, and Bridges will be dismissed.

5

## CONCLUSION

For the foregoing reasons, Njie's Motion to proceed *in forma pauperis* will be granted for the purpose of the filing of his Complaint, and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because his claims cannot be amended to state a claim on which relief may be granted, dismissal of these claims will be with prejudice.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile.").  In light of the disposition of this case, Njie's Motion to appoint counsel (Doc. 7) will be denied as moot.

An appropriate Order follows.

November /9 , 2008

A. RICHARD CAPUTO
United States District Judge

6

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MOMODOU DODOU NJIE,                    :
                                       :
            Plaintiff,                 :      CIVIL NO. 3:CV-08-1960
                                       :
      v.                               :      (Judge Caputo)
                                       :
THE COMMONWEALTH OF                    :
PENNSYLVANIA, *et al.*,                :
                                       :
            Defendants.                :

## ORDER

**AND NOW, THIS** *19th* **DAY OF NOVEMBER, 2008,** in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED** solely for the

purpose of the filing of his Complaint.

2.     Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

3.     Plaintiff's Motion to appoint counsel (Doc. 7) is **DENIED** as moot.

4.     Any appeal from this Order will be deemed frivolous, without probable cause, and

not taken in good faith.

5.     The Clerk of Court shall **CLOSE** this case.

_____
A. RICHARD CAPUTO
United States District Judge